# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LUNA,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. MOON, et al.,<br><br>        Defendants. | Case No.  1:16-cv-00313-AWI-SAB-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's complaint, filed March 17, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at California State Prison (CSP) Corcoran, brings this civil rights action against Defendant correctional officials employed by the CDCR at CSP Corcoran.  Plaintiff names the following individual Defendants: Chief Medical Officer (CMO) Dr. Wang, M.D.; Dr. Moon, M.D.; Dr. Ulit, M.D.  Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Plaintiff alleges that on March 4, 2013, he sought treatment for severe pain, tingling, and numbness in his right hand.  Plaintiff was ultimately diagnosed with carpal tunnel syndrome in September 2013.  Plaintiff alleges that Dr. Smith and Dr. Alade recommended surgery.  Defendant CMO Dr. Wang denied the recommendation for surgery, and directed Dr. Ulit and Dr. Moon to treat Plaintiff with aspirin.  Plaintiff filed an inmate grievance regarding the lack of treatment "several times."  (ECF No. 1, p. 3.)   Dr. Moon and Dr. Ulit "continued the wholly ineffective treatment."  (Id. p. 4.)   Plaintiff alleges that he "managed to get an agreement to

provide the required surgery on 11/18/2014 it was performed." (Id.) Plaintiff alleges that the long delay and inadequate treatment has resulted in a permanent disability. Plaintiff cannot close his right hand without pain, and is limited in is ability to write. Later in the complaint, Plaintiff alleges that despite a recommendation for surgery, Dr. Moon and Dr. Ulit refused to provide any treatment for Plaintiff's carpal tunnel, other than aspirin. As to Dr. Wang, Plaintiff alleges that he "actively cancelled the surgery and directed the PCP to treat with aspirin instead." (Id. p. 9.)

## III.

## DISCUSSION

### A. Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1113; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks

3

omitted).

The Court finds Plaintiff's allegations to be vague. Although Plaintiff clearly alleges that Defendants Moon and Ulit refused to provide any other treatment than aspirin, and that there was a delay in getting his surgery which resulted in a permanent disability, he also alleges that they were acting pursuant to a directive from the CMO, Dr. Wang, who disagreed with the recommendations of Dr. Alade and Dr. Smith. Plaintiff alleges that the surgery was ultimately performed on November 18, 2014. Plaintiff does not, however, allege facts indicating that the decision by Dr. Wang to deny the recommendation of Dr. Alade and Dr. Smith was medically unacceptable under the circumstances. Plaintiff must allege facts indicating that each individual Defendant knew of a serious medical need of Plaintiff's, and was deliberately indifferent to it. As noted, a disagreement with the course of treatment prescribed by a medical professional does not state a claim for relief. That Plaintiff, in his view, did not get the treatment he thought was acceptable does not subject Defendants to liability under the Eighth Amendment. Even assuming Defendants erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Although accepted as true, "factual allegations must be sufficient to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the ground of his entitlement to relief." Which "requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56. (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth both the legal and factual basis for his claim.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Allegations that Plaintiff failed to receive adequate treatment and allegations that Defendants were responsible for his care are insufficient to state a claim for relief. Plaintiff must

4

allege facts indicating that each Defendant knew of and disregarded a serious risk to Plaintiff's health. Plaintiff has failed to do so here.

**B.     Supervisory Liability**

Plaintiff is advised that supervisory defendants, such as Defendant CMO Wang, cannot be held liable for the actions of their subordinates. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading,"

Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 7 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **May 27, 2016**

UNITED STATES MAGISTRATE JUDGE