# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LUNA,<br><br>       Plaintiff,<br><br>   v.<br><br>DR. MOON, et al.,<br><br>       Defendants. | Case No.  1:16-cv-00313-AWI-SAB-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff's original complaint was filed on March 7, 2016. (ECF No. 1.) On May 27, 2016, Plaintiff's original complaint was dismissed with leave to amend, for failure to state a cognizable claim for relief.  (ECF No. 7.)  On June 17, 2016, Plaintiff filed a first amended complaint.  (ECF No. 8.)  Plaintiff's first amended complaint is currently before the Court for screening.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

1    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

2    legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

3    that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

4    1915(e)(2)(B).

5        A complaint must contain "a short and plain statement of the claim showing that the

6    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

7    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8    conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

9    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate

10   that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

11   Williams, 297 F.3d 930, 934 (9th Cir. 2002).

12       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

13   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

14   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

15   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

16   that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

17   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

18   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

19   liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

20   F.3d at 969.

21                                              **II.**

22                        **FIRST AMENDED COMPLAINT ALLEGATIONS**

23       Plaintiff, an inmate in the custody of the California Department of Corrections and

24   Rehabilitation (CDCR) at California State Prison ("CSP") Corcoran, brings this civil rights

25   action against Defendant correctional officials employed by the CDCR at CSP Corcoran.

26   Plaintiff names the following individual Defendants: Chief Medical Officer (CMO) Dr. Wang,

27   M.D.; Dr. Moon, M.D.; Dr. Ulit, M.D.

28   ///

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, and that they violated his rights to due process under the Fourteenth Amendment.

Plaintiff alleges that on March 4, 2013, he sought treatment for severe pain, tingling, and numbness in his right hand. Plaintiff was ultimately diagnosed with carpal tunnel syndrome in September 2013, by Dr. Smith and Dr. Alade, both of whom were orthopedic specialists and both of whom recommended surgery.

Defendant CMO Dr. Wang, a general practitioner, denied or cancelled the recommendation for surgery, and directed Dr. Ulit and Dr. Moon to treat Plaintiff with aspirin. The only possible reason for this was cost. Dr. Wang resisted all medical appeals and opposed surgery. Dr. Wang was the "medical professional who most directly refused the recommendation by orthopedic specialists Dr. Smith and Dr. Alade." (ECF No. 8, p. 8.)

Dr. Moon was Plaintiff's primary care physician. In spite of the recommendations to have surgery, and in spite of repeated complaints from Plaintiff regarding severe pain, limited motion, reductions in use, and a gradually worsening condition, Dr. Moon provided no treatment other than aspirin. Dr. Moon never re-referred Plaintiff for additional orthopedic consults, recommended physical therapy, referred Plaintiff to the pain management team, or advocated for Plaintiff. Dr. Moon often met with Plaintiff and did not allow him to say anything and often did not examine Plaintiff.

Dr. Ulit was also a primary care physician. He too made no effort to get additional treatments for Plaintiff, ignoring worsening pain and "deterioration motion and usability in Plaintiff's right hand." (ECF No. 8, p. 9.) Dr. Ulit never re-referred Plaintiff to orthopedics for further consultations. All he did was continue aspirin.

Plaintiff filed several inmate appeals regarding the general doctors overriding the recommendations of experts and providing only aspirin. Finally, Plaintiff managed to get an agreement to provide the required surgery, which was performed by Dr. Alade, an orthopedic surgery specialist, on November 18, 2014. There were fourteen months of unnecessary delay.

1   The surgery was successful and restored some functionality, but Plaintiff remains
2   disabled and in pain. Dr. Alade told Plaintiff that because of the delay, he cannot be fully
3   corrected with surgery, and will now have a permanent disability.  Plaintiff cannot close his right
4   hand without pain, and is limited in is ability to write.  Plaintiff alleges that he will never be able
5   to work in his chosen profession again, and will forever be in pain.

6                                              **III.**

7                                       **DISCUSSION**

8       **A.      Eighth Amendment**

9       While the Eighth Amendment of the United States Constitution entitles Plaintiff to
10  medical care, the Eighth Amendment is violated only when a prison official acts with deliberate
11  indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th
12  Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th
13  Cir. 2014); Wilhelm, 680 F.3d at 1113; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
14  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his]
15  condition could result in further significant injury or the unnecessary and wanton infliction of
16  pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm,
17  680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).   The requisite state of mind is one of subjective
18  recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation
19  and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

20      "A difference of opinion between a physician and the prisoner – or between medical
21  professionals – concerning what medical care is appropriate does not amount to deliberate
22  indifference."  Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989),
23  overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23
24  (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).  Rather, Plaintiff "must show that
25  the course of treatment the doctors chose was medically unacceptable under the circumstances
26  and that the defendants chose this course in conscious disregard of an excessive risk to [his]
27  health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks
28  omitted).

1          1.      Dr. Wang

2          Plaintiff's allegations against Dr. Wang are conclusory and insufficient to state a claim

3 for deliberate indifference in violation of the Eighth Amendment. Plaintiff alleges that Dr. Wang

4 denied or cancelled the surgery recommendation for Plaintiff's right hand, and ordered treatment

5 with aspirin instead. Plaintiff's statement that the "only possible reason for this was cost" is

6 unsupported, and appears to be speculation as currently alleged.

7          As Plaintiff has been previously informed, he must allege facts indicating that Dr.

8 Wang's treatment recommendations were medically unacceptable under the circumstances.  The

9 Court will liberally construe Plaintiff's allegations and accept them as true for the purposes of

10 determining whether he has stated a cognizable claim. However, that only applies to factual

11 allegations, not sweeping conclusions and speculations unsupported by facts. Plaintiff will be

12 permitted one final opportunity to amend his complaint to attempt to cure these deficiencies.

13         2.      Drs. Moon and Ulit

14         Plaintiff's allegations are also insufficient to state a claim for deliberate indifference to

15 serious medical needs in violation of the Eighth Amendment against Dr. Moon or Dr. Ulit.  The

16 Court finds that Plaintiff has sufficiently alleged a serious medical need in stating that he

17 complained to Drs. Moon and Ulit of severe and worsening pain, limited motion, reduction in

18 use, and a gradually worsening condition of his right hand.  Plaintiff appears to allege, however,

19 that there was some referral by these doctors for an orthopedic consultation, and that the

20 medication-only treatment following the consultations with the orthopedic specialists was done

21 under a directive from the CMO, Dr. Wang.

22         Although Plaintiff may have preferred different treatments such as additional orthopedic

23 consults, physical therapy, or additional pain management, he has not alleged sufficient facts to

24 show that the failure of Dr. Moon or Dr. Ulit to recommend or provide these treatments was

25 medically unacceptable under the circumstances presented here. Plaintiff has also not alleged

26 sufficient facts to show that Dr. Moon or Dr. Ulit knew that the course of treatment they

27 followed would cause an excessive risk to Plaintiff's health. Plaintiff should describe, using

28 dates and the names of the people involved, what each defendant did or did not do that violated

1  the rights that he seeks to assert here. Plaintiff will be permitted one final opportunity to amend

2  his complaint to attempt to cure these deficiencies.

3      **B.      Fourteenth Amendment**

4      Plaintiff also alleges that his right to due process under Fourteenth Amendment was

5  violated here. Although not entirely clear, he appears to base this claim on his allegations that

6  Dr. Wang "resisted all medical appeals and actively opposes surgery."

7      The Fourteenth Amendment's Due Process Clause protects persons against deprivations

8  of life, liberty, or property; and those who seek to invoke its procedural protection must establish

9  that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff

10 does not have a protected liberty interest in the processing of his appeals, and therefore, he

11 cannot pursue a claim for denial of due process with respect to the handling or resolution of his

12 appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d

13 639, 640 (9th Cir. 1988)).

14     Plaintiff may be able to state a claim under the Eighth Amendment for deliberate

15 indifference to his serious medical needs against defendants who reviewed his inmate appeals to

16 the extent he can also show that they had medical training and the authority to intercede and/or to

17 take corrective action. He must meet his burden as to the elements of a claim for deliberate

18 indifference to his serious medical needs to do so, and as discussed above, he has not yet met that

19 burden here.

20                                    **IV.**

21                          **CONCLUSION AND ORDER**

22     For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon

23 which relief may be granted.  Plaintiff is granted leave to file a second amended complaint

24 within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may

25 not change the nature of this suit by adding new, unrelated claims in his amended complaint.

26 George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

27     Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state

28 what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal

rights.  Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.   Plaintiff's first amended complaint, filed June 17 2016, is dismissed for failure to state a cognizable claim upon which relief may be granted;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4.   Plaintiff is warned that if he fails to file a second amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **March 30, 2017**

UNITED STATES MAGISTRATE JUDGE