# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LUNA,<br><br>    Plaintiff,<br><br>v.<br><br>DR. MOON, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00313-LJO-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 77) |

Plaintiff Edward Luna is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed on September 16, 2019. (ECF No. 77.) Plaintiff asserts that he needs the assistance of counsel to prosecute this action because he cannot afford to hire a lawyer, his imprisonment greatly limits his ability to litigate this case, especially regarding discovery, the issues in this case are complex and he has never been a party to a civil proceeding before, and a lawyer would assist Plaintiff in the presentation of evidence at trial and the cross-examination of opposing witnesses. (Id.) The Court finds that a response from Defendants is unnecessary and Plaintiff's motion is deemed submitted. Local Rule 230(l).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).

Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

The Court has considered Plaintiff's request for appointed counsel, but does not find the required exceptional circumstances. Initially, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Specifically, Plaintiff's apprehension with pursuing this case on his own, while understandable, is not sufficient grounds for appointing counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."). Finally, based on a review of the record, the Court finds that the legal issues in this case do not appear to be particularly complex and that Plaintiff can adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 77), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **September 17, 2019**

_____
UNITED STATES MAGISTRATE JUDGE